**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SABRIJE K., | ) | |
| | ) | |
| Plaintiff, | ) | No. 25-cv-3623 |
| | ) | |
| v. | ) | Magistrate Judge Keri L. Holleb Hotaling |
| | ) | |
| FRANK BISIGNANO, Commissioner of | ) | |
| the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Sabrije K.[1] appeals the decision of the Commissioner of the Social Security

Administration ("Commissioner") denying her application Disability Insurance Benefits ("DIB").

The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion

for summary judgment [Dkt. 17] is GRANTED and Defendant's motion for summary judgment

[Dkt. 21] is DENIED; the Court hereby remands this matter for further proceedings.

## I.      Procedural History

On June 3, 2021, Plaintiff filed for DIB, alleging disability beginning April 20, 2017.

[Administrative Record ("R.") 26.] On December 26, 2023, an Administrative Law Judge ("ALJ")

issued an unfavorable decision after holding an Administrative Hearing. [R. 26-36.] The Appeals

Council denied Plaintiff request for review [R. 1-6], rendering the ALJ's December 26, 2023 decision

as the final decision of the Commissioner. 20 C.F.R. §404.981. The Court will not summarize the

ALJ's December 26, 2023 written decision here. Plaintiff has filed the instant action seeking review

---

[1]     In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2]     "Plaintiff's Brief in Support of her Motion to Reverse the Decision of the Commissioner of Social Security" [Dkt. 17] has been construed as a motion for summary judgment by the Court, as has "Defendant's Memorandum in Support of Motion for Summary Judgment" [Dkt. 21].

of the Commissioner's decision. [Dkt. 1.]

## II.     Social Security Regulations and Standard of Review

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018); *Hess v. O'Malley*, 92 F.4th 671, 676 (7th Cir. 2024); *see also* 42 U.S.C. § 405(g). "This is not a high threshold; it requires only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (cleaned up) (citing *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019)). While reviewing a Commissioner's decision, the Court may not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (citation omitted). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and their conclusion, which is satisfied by an "adequate[] discuss[ion of] the issues and evidence involved in the claim." *Hess*, 92 F.4th at 676; *Dunn v. Saul*, 794 F. App'x 519, 522 (7th Cir. 2019); *see also Tremayne G. v. O'Malley,* No. 21-cv-1541, 2024 WL 1214753, at *2 (N.D. Ill. Mar. 21, 2024) ("Even when there is adequate evidence in the record to support the ALJ's decision, the findings will not be upheld if the ALJ does not build an accurate and logical bridge from the evidence to the conclusion.") (signals and citation omitted).

## III.     Discussion

In the instant matter, Plaintiff alleges several grounds for remand, one of which is that the ALJ allegedly impermissibly questioned the vocational expert ("VE") about the impact of a four-hour standing and walking limitation and then simply ignored her response. [Dkt. 17 at 10 (referencing R. 73).] The Court agrees that this alone is basis for remand.

"In posing a particular hypothetical, an ALJ does not confine herself to making an RFC determination mirroring the hypothetical limitations as posed to the VE." *Kimberly N. v. Saul*, No. 20-cv-2029, 2021 WL 1688173, at *5 (N.D. Ill. Apr. 29, 2021). However, as the Seventh Circuit has made clear, an ALJ's hypotheticals "describe the *claimant's* conditions and limitations." *Simila v. Astrue*, 573 F.3d 503, 520 (7th Cir. 2009) (emphasis added); *see also*, *Gregory W. v. Saul*, No. 19-cv-6848, 2020 WL 4816075, at *5 (N.D. Ill. Aug. 18, 2020) (collecting cases for the proposition that an ALJ *does* consider a particular limitation specifically by asking a VE to consider that limitation in rendering opinions). Therefore, an ALJ's questions to a VE must not be mere hypotheticals "conjured out of whole cloth" with no relation to the claimant at hand. *Kimberly N.*, 2021 WL 1688173, at *5, n. 8 (citing *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002) in noting that "it would frustrate the whole purpose of posing hypotheticals to VE's if an ALJ's questions were 'conjured out of whole cloth' with no relation to the claimant at hand."). If it were otherwise, it might seem that an ALJ is merely testing the contours of an RFC that is permissible as compared to one that would force an ALJ to declare a given claimant disabled; this is not the purpose of questioning a vocational expert.[3] Yet it is not that every hypothetical about the claimant to the VE must be adopted; but courts in this circuit "have found it unacceptable when an ALJ elicits testimony from the vocational expert that certain conditions would prevent employment without then discussing why those hypothetical conditions do not apply." *Enriquez v. Kijkakazi*, 2:22CV76-PPS, 2023 WL 6119908, at *2 (N.D. Ind. Sept. 18, 2023); *accord Kimberly N.*, 2021 WL 1688173, at *5 (remanding in part because ALJ failed to come to any conclusion regarding the limitations he asked the VE to consider, finding "the logical bridge is entirely missing here with respect to the reasons the ALJ ultimately omitted these limitations from the RFC.").

---

[3] "[T]he whole purpose of vocational expert testimony [] is to assess whether jobs exist for a person with the claimant's precise disabilities." *Gilliam v. Califano*, 620 F.2d 691, 694 (8th Cir. 1980).

Here, The ALJ questioned the VE about the impact of a four-hour standing and walking limitation, which the VE testified would prohibit Plaintiff from performing her past relevant work as a production assembler. [R. 73.] The ALJ then failed to address the applicability (or inapplicability) of a four-hour standing and walking limitation when she left this limitation out of her RFC. [R. 32-35.] The ALJ ultimately determined Plaintiff was capable of performing her past relevant work as a production assembler. [R. 35.]

The ALJ needed to at least address why she entirely omitted the four-hour standing and walking limitation from the RFC. *See Enriquez*, 2023 WL 6119908, at *2; *Kimberly N.*, 2021 WL 1688173, at *5. The record reflects Plaintiff suffered from obese body habitus [R. 1148], abdominal hernia [R. 1161, 1633], decreased range of motion of the left knee [R. 371], tenderness to palpation to the left joint line and throughout the tendons and musculature of the knee [R. 388], crepitus with extension [R. 925], tenderness to palpation behind the right knee with positive McMurray test [R. 1844], medial compartment osteoarthritis that was more pronounced in the left knee than in the right knee [R. 1806], and facet arthropathy from T1 through L1 [R. 1897]. At least some of this record evidence likely suggested to the ALJ that Plaintiff might have retained the capacity to stand and walk for no more than four hours in an eight-hour workday, or, logically, the ALJ would not have questioned the vocational witness about the impact of the limitation. *See, e.g., Decker v. Kijakazi*, No. 1:20-cv-380-JPK, 2022 WL 897421, at *5 (N.D. Ind. Mar. 28, 2022) ("The ALJ's omission is particularly important because the ALJ herself solicited this evidence from the VE, based on a hypothetical that was supposedly tailored to Plaintiff's situation"); *Kimberly N.*, 2021 WL 1688173, at *5 ("it appears the ALJ had reason to believe Plaintiff might require such limitations, or there would be no reason to have posed this hypothetical to the VE."). Here, the Court cannot infer that a four-hour standing and walking limitation was unnecessary because, indeed, "the ALJ's own hypothetical to the VE indicates that she thought it was." *Decker*, 2022 WL 897421, at *5. The Court

4

cannot discern how the ALJ determined the record evidence did not support limiting Plaintiff to standing and walking for a total of no more than four hours in an eight-hour day where the ALJ affirmatively questioned the VE about the impact of such a restriction upon Plaintiff but then failed to discuss why those hypothetical conditions do not apply to Plaintiff. *See Enriquez*, 2023 WL 6119908, at *2; *Kimberly N.*, 2021 WL 1688173, at *5.

As Plaintiff correctly argues, this error was not harmless, because had the ALJ found Plaintiff could not perform past relevant work as a production assembler, Plaintiff would have been disabled as of July 21, 2019, pursuant to Pursuant to 20 C.F.R. Part 404, Subpart P, Appendix 2 § 202.04. [Dkt. 17 at 11.]

## IV.    Conclusion

For the foregoing reasons, the Court must reverse and remand for proceedings consistent with this Memorandum Opinion and Order. The Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff other than those discussed herein. Plaintiff's motion for summary judgment [Dkt. 17] is GRANTED and the Commissioner's motion for summary judgment [Dkt. 21] is DENIED.

**ENTERED: February 26, 2026**

_____

Hon. Keri L. Holleb Hotaling
United States Magistrate Judge

5